Cartter, Ch. J.,
delivered the opinion of the court to the effect following:
He first disposed of the objection that the deed of trust *158 dated October 21,1869, was not properly stamped, and held that the deed was a security at the time of its execution only for the sum of $3,050, and was properly stamped for that amount. The deed recites that it is given to secure the amount then due, and all future advances within five years from the date thereof to the extent of $10,000. It is a settled principle of law that a mortgage or other security is good and valid for the purpose of creating a lien for future advances, unless an intervening right or equity may claim priority by effecting the title before the advances are made. The bonds taken in this case represented on their face that they were secured by the deed of trust. A new bond was given for each advance, and was stamped for the amount represented, so that the additional stamps were used from time to time as the indebtedness to be secured was increased. This is a sufficient compliance with the revenue laws enacted by Congress relating to this subject; and as the bonds had all been executed and delivered previously to complainant’s judgments, the auditor in making his computation properly gave them a preference over the latter.
The same observations would apply to the trust-deed of March 11,1871, were it not for the fact that it had no existence until a period of two months after the judgments in favor of the bank and the intervening creditors. The building association made a new loan and took a new security for it which did not attach to the equitable title of the property until after the judgments had taken effect. It is impossible to say that the indebtedness secured by the last deed accrued as an advance under the first deed, for it was an independent transaction, and cannot be made to overreach any previously-acquired right. The question then occurs, whether the equity of redemption existing in Morsel), the judgment-debtor, was liable to the lien of the judgments. The court are of opinion that equity recognizes the lien and will enforce it against subsequent incumbrances. This doctrine has been much discussed, and it is said, has never prevailed in this District. The auditor in his report states that this is the first instance in which the question has been presented, so that it is still open for determination here. We think the jurisdiction may be maintained on principle. It is well *159 settled in equity that a deed like that under consideration is a mere security, and the grantor is regarded as still being the owner of the property. If then he has the title in equity, is there any more reason for a judgment being a lien upon the legal estate at law than there is for it being a lien upon the-equitable estate in this jurisdiction? The relief ought to be administered only after the judgment-creditor has exhausted his remedies at law. This doctrine has been maintained under certain circumstances in Virginia and Maryland, and has been referred to with approbation by the Supreme Court of the United States. (United, States vs. Morrison, 4 Pet,, 124; Burton vs. Smith, 13 ib., 183.)
The judgments in this case antedate tire last trust-deed, and we think the plaintiffs are entitled to assert their prior lien.
The third exception to the auditor’s report, which postpones the judgments to the deed, is sustained, and a decree may pass in conformity with the decision now made.